

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ROCKY MOUNTAIN TRAILS, LLC** | § | **Case No. 20-60306** |
| **xx-xxx5383** | § | |
| **dba McDade's Nursery** | § | **Chapter 11 – Subch-V** |
| **1000 N. Tool Dr.** | § | |
| **Tool, TX 75143-8732** | § | |
| | § | |
| **Debtor(s)** | § | |
| | § | |

## ORDER CONFIRMING ROCKY MOUNTAIN TRAILS, L.L.C.'S (SECOND) AMENDED PLAN OF REORGANIZATION (DATED DECEMBER 8, 2020)

On December 16, 2020, the Court reconvened a hearing to consider the confirmation of **Rocky Mountain Trails, LLC's** *(Second) Amended Plan of Reorganization [Dated December 8, 2020] [dkt. No. 78]* **("Plan")** which Plan was filed by Rocky Mountain Trails, LLC, the debtor and debtor-in-possession, in this bankruptcy case **("Debtor").** The Court, having considered the Plan, the ballot summary, the testimony and other evidence presented at the hearing, and there being no objections to the confirmation of the Plan, made its finding of fact and conclusions of law orally on the record, which findings and conclusions are incorporated by reference herein and set forth in part as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Debtor commenced the bankruptcy case by the filing of a voluntary petition under Chapter 11, Subchapter-V of the United States Bankruptcy Code on June 1, 2020 (the **"Petition Date"**).

2. The deadline for filing objections to the Plan was **October 6, 2020.** The deadline for voting to accept or reject the Plan was **October 6, 2020.**

3. The Confirmation hearing was scheduled for October 20, 2020, at 1:30 p.m.

4. Debtor filed an amended Plan (dkt. #67) on October 20, 2020. The Confirmation hearing was continued to November 19, 2020 (dkt. #68). The hearing was reset to

December 8, 2020, following Debtor's motion for a continuance due to the illness of counsel.

5.  Debtor filed a second amended Plan (dkt. #78) on December 8, 2020.

6.  The Confirmation hearing was again continued, on this occasion to December 16, 2020, due to the unavailability of the Debtor's manager.

7.  The Debtor has proposed the Plan in good faith to provide for the treatment of all claims against the Debtor and this bankruptcy estate.

8.  All creditors and other parties in interest, in accordance with the Federal and Local Rules, and the orders of this Court, were timely served with the Plan. Further, the Debtor gave notice to all parties of: (a) the deadline for the submission of ballots to to the Debtor; (b) the deadline for the filing of objections to confirmation of the Plan; and (c) the scheduled Confirmation Hearing.

9.  The Ballot Summary, which was filed with the Court on **December 3, 2020**, [dkt. #77], reflects the voting results tabulated by the Debtor from the timely received ballots of each impaired Class under the Plan.

10. The Court has jurisdiction over this matter as a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2).

11. The Plan meets all requirements of §§ 1122 and 1123 of the Bankruptcy Code.

12. The Plan complies with all pertinent provisions of § 1129, as modified by § 1191 of the Bankruptcy Code (as set forth in greater detail below), and with all other requirements of the Bankruptcy Code:

   a.  <u>Due and Sufficient Notice.</u> Notice of the Confirmation Hearing was appropriate and complied, in all respects, with Bankruptcy Rule 2002(b).

   b.  <u>Plan Compliance – Bankruptcy Code Section 1129(a)(1).</u> The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

   c.  <u>Proponent Compliance – Bankruptcy Code Section 1129(a)(2).</u> Debtor has complied with the applicable provisions of the Bankruptcy Code.

   d.  <u>Good Faith – Bankruptcy Code Section 1129(a)(3).</u> The Plan has been proposed in good faith under Section 1129(a)(3) and not by any means forbidden by law.

   e.  <u>Payments – Bankruptcy Code Section 1129(a)(4).</u> Payments made or to be made by the Debtor for services or for costs and expenses in or in connection

with the Plan and/or case have been approved by or are subject to the approval of this Court.

f.  Disclosure Regarding Post-Confirmation Management – Bankruptcy Code Section 1129(a)(5). Debtor accurately disclosed the individual proposed to serve as managing member of Debtor after the Plan is confirmed, and the compensation to be paid to such individual after confirmation of the Plan.

g.  No- Rate Change – Bankruptcy Code Section 1129(a)(6).   No governmentally regulated rates are involved in this case.

h.  **Best Interest of Creditors** – **Bankruptcy Code Section 1129(a)(7).**   With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

i.  **Acceptance of the Plan – Bankruptcy Code Section 1129(a)(8).**   All impaired classes voted to accept the Plan, which did not change any treatment afforded to any impaired class from the previously-filed Plan.

i.  The **Class 1A Claims** (Secured Ad Valorem Taxes) are impaired and the holders of such impaired claims voted to accept the Plan. The treatment of such claims is consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

ii.  The **Class 1B Claim** (Midwest Regional Bank) is impaired and the holder of such impaired claim voted to accept the Plan.

iii.  The **Class 1C Claim** (Kapitus) is impaired and the holder of such impaired claim voted to accept the Plan.

iv.  The **Class 1D Claim** (Stephen W. Gent) is impaired and the holder of such impaired claim voted to accept the Plan.

v.  There were no **Class 2 Claims** (pre-petition Priority Claims).

vi.  The **Class 3 Claims** (General Unsecured Claims) are impaired and the holders of impaired claims in this class voted to accept the Plan

vii.  The **Class 4 Interests** are not impaired and the holders of such interests are deemed to have accepted the Plan.

3

j.  **Priority Claims – Bankruptcy Code Section 1129(a)(9).** Claims entitled to priority under 11 U.S.C. §507(a)(8) will be paid in accordance with the Bankruptcy Code or as set forth in the provisions of the Plan.

k.  **Feasibility – Bankruptcy Code Section 1129(11).** The Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor.

l.  **Fees – Bankruptcy Code Section 1129(a)(12).** All fees payable under 28 U.S.C. §1930 have been paid.

m.  To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be finding of fact, it shall be so deemed.

Upon due consideration of the evidence presented, and the argument of counsel, and based upon the foregoing findings and conclusions, which are adopted pursuant to Fed. R. Bankr. P. 9014,

   **IT IS THEREFORE ORDERED** that the Second Amended Plan of Reorganization filed by the Debtor, Rocky Mountain Trails, LLC, on December 8, 2020, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference and as modified by this Order, is hereby **CONFIRMED.**

Signed on 12/28/2020

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

| **ORDER SUBMITTED BY**: | **APPROVED AS TO FORM AND CONTENT** |
|---|---|
| /s/ Gordon Mosley | **(excluding court modifications)** |
| GORDON MOSLEY, SBN: 00791311 | /s/ H. Thomas Moran |
| Email: gmosley@suddenlinkmail.com | H. THOMAS MORAN |
| 4411 Old Bullard Rd. | Subchapter-V Trustee |
| Suite 700 Tyler, Texas 75703 | |
| 903- 534-5396    903-581-4038 (fax) | |
| Counsel for Debtor and Debtor-in-Possession | |

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ROCKY MOUNTAIN TRAILS, LLC** | § | **CASE NO. 20-60306** |
| **EIN: xxxxx5383** | § | |
| **1000 N. Tool Dr.** | § | |
| **Tool, Texas 75143-8732** | § | **CHAPTER 11 - Subch-V** |
| | § | |
| | § | |
| | § | |
| **Debtor(s)** | § | |

## DEBTOR'S AMENDED PLAN OF REORGANIZATION
## DATED: DECEMBER 8, 2020

Pursuant to section 1121(a) of the Bankruptcy Code, Rocky Mountain Trails, LLC, the debtor-in-possession in this case hereby proposes this Plan of Reorganization.

## INTRODUCTION

The purpose of this Plan is to provide the details of the Debtor's proposed reorganization and proposed distributions of money and/or property to its Creditors. After the Plan has been confirmed, the Bankruptcy Court will retain jurisdiction to determine the allowance of all Claims and to effectuate and enforce the terms of this Plan.

## BACKGROUND OF DEBTOR'S BUSINESS

Karen Strobel is the sole member of Rocky Mountain Trails, LLC, debtor herein, which operates a retail plant and garden nursery under the d/b/a McDade's Nursery. This nursery has been in business, at its present location, continuously for approximately 40 years. Ms. Strobel purchased McCade's Nursery in August of 2018. The nursery suffered through the Fall of 2018, due to an unusual amount of rainfall. The Fall, while not as busy as the Spring months, is important for the sale for "plantings" that help carry the business financially

1

through the slow period of November – January. The nursery could never catch-up during 2019, resulting in a default of the SBA loan that is secured by the nursery.

The Covid-19 pandemic brought an unexpected boom to the nursery industry. McDade's Nursery business has been robust through most of 2020.

## CONDITIONS TO CONFIRMATION

The Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. A liquidation analysis is attached to this Plan as **Exhibit "A"**.

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan. Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments. Attached as **Exhibit "B"** is five-year projection of Debtor's revenue and expenses.

## ARTICLE 1: PLAN SUMMARY

**Reorganization:**  The Plan provides for reorganization and restructuring of the Debtor's financial obligations.

**Distribution:**     The Plan provides for a distribution to Creditors in accordance with the terms of the Plan from the Debtors over the course of five (5) years from the Debtor's continued business operations.

2

**Classes:**   The Plan Provides for:

**1**     Class of priority Claims;

**2**     Classes of secured Claims; and

Classes of unsecured Claims

Unsecured Creditors holding Allowed Claims will receive distributions paid quarterly over

five (5) years in the following approximate amounts:

| DEBTOR | PROJECTED QUARTERLY DISTRIBUTION |
|---|---|
| Rocky Mountain Trails, LLC | $ 175.00 per month |

This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 and 4 of the Plan for

information regarding the precise treatment of their claim. **Your rights may be affected.**

**You should read these papers carefully and discuss them with your attorney. (If you**

**do not have an attorney, you may wish to consult one.)**

## ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

**CLASS 1A –** The Claim of *Ad Valorem* Tax Authorities to the extent Allowed as a Secured

Claim under 11 U.S.C. § 506 of the Bankruptcy Code.

**CLASS 1B –** The Claim of Midwest Regional Bank against Debtor, to the extent Allowed

as a Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code.

**CLASS 1C –** The Claim of Kapitus against Debtor, to the extent Allowed as a Secured

Claim under 11 U.S.C. § 506 of the Bankruptcy Code.

**CLASS 1D -** The Claim of Stephen W. Gent against Debtor, to the extent Allowed as a

Secured Claim under 11 U.S.C. § 506 of the Bankruptcy Code.

**CLASS 2** – All Allowed Claims entitled to priority under § 507(a) of the Bankruptcy Code

(except administrative expense claims under § 507(a)(2) and priority tax claims under

§ 507(a)(8)).

**CLASS 3 –** All non-priority unsecured Claims Allowed under § 502 of the Bankruptcy

3

Code.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY TAX CLAIMS

**3.1 Unclassified claims:**   Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

**3.2 Administrative Expense Claims:**    Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan by the Debtor, but only to the extent of each such Debtor's liability, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor as set forth in the following sections 3.3 through 3.5 or post-confirmation. **This treatment is materially altered in the event of confirmation pursuant to § 1191(b) as to claims arising under §§ 507(a)(2) and (3) as noted in section 3.6 of this Plan.**

**3.3 Priority Tax Claims:**   Each holder of an Allowed Priority Tax Claim against Debtor shall receive deferred Cash payments over a period not to exceed five (5) years, from Petition Date.

**3.4  Statutory Fees:**   All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of the Plan have been paid or will be paid on the effective date.

**3.5 EXCEPTION: Payment of administrative expense claims through Plan Term:**
If the Plan is confirmed pursuant to § 1191(b) any and all claims of a kind specified in paragraph (2) or (3) of § 507(a) of the Bankruptcy Code shall be paid the Allowed amount of such claim in equal monthly installments during the Plan Term commencing on the Effective Date or upon such other Terms as may be agreed upon by the holder of the claim and the Debtor.

## ARTICLE 4:  TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1A – Secured Claim of Ad Valorem Tax Authorities | ✓  Impaired<br>Unimpaired | Each holder of an Allowed Class 1A Claim payable to a taxing authority for *ad valorem* taxes shall retain its full rights and liens to the extent of its |

4

|  |  | Allowed Secured Tax Claims until its Allowed Secured Tax Claim has been paid in full.<br>Payments shall be made in full no later than five (5) years from and after the Petition Date in equal monthly amounts. Specifically, the prepetition and post-petition *ad valorem* taxes of each holder of an Allowed 1A Claim shall be treated as follows:<br><br>Liens and interest: Any and all liens (both arising prepetition and post-petition) held by the holder of an Allowed Class 1A Claim shall be preserved in any transfer of assets under the Plan. Each holder of an Allowed Class 1A Claim shall be entitled to receive interest from the Petition Date to the Effective Date pursuant to 11 U.S.C. § 506(b), as well as from the Effective Date until paid in full under 11 U.S.C. § 506(b), as well as from the Effective Date until paid in full under 11 U.S.C. § 1129(b), pursuant to  at a statutory rate of 1% per month as required by 11 U.S.C. § 511. If the post-petition *ad valorem* taxes are not paid prior to the State Law delinquency date, each holder of an Allowed Class 1A Claim shall be entitled to receive any penalties and interest that accrue under State law based on the nonpayment of such tax.<br><br>Default: In the event the Debtor fails to timely pay an allowed Class 1A Claim or post-petition tax in compliance with the Plan, Debtor shall be in default, and subject to Section 10.4 of the Plan. Holder of allowed 1A Claim may pursue remedies in accordance with that section against the defaulting Reorganized Debtor. |
|---|---|---|

| | | |
|---|---|---|
| Class 1B – Secured Claim of Midwest Regional Bank | ✓ Impaired<br>Unimpaired | Class 1B consists of the Secured Claim of Midwest Regional Bank ("MRB") against Rocky Mountain Trails, LLC, and is secured by substantially all of the Debtor's assets. MRB holds an allowed Secured Claim in the amount of $ 392,791.08. MRB's claim will be paid in monthly installments based on an amortization over the remaining (approximately) 23 year term of the note, with a 10 year maturity. The monthly installments will begin 30 days after confirmation of the Plan. Interest shall accrue from the Petition Date until paid at the rate of 5.0% per annum. The debt will be due and payable in full 10 years from the date of confirmation of this Plan.<br><br>MRB shall retain all of its liens under its loan documents, and all terms, covenants, rights, and remedies under the loan documents shall remain in full force and effect except as modified by this Plan. The Debtor and MRB will enter into s modification agreement to memorialize the Plan terms in a form acceptable to MRB. |
| Class 1C – Secured Claim of Kapitus | ✓ Impaired<br>Unimpaired | Class 1C consists of the Secured Claim of Kapitus against Rocky Mountain Trails, LLC. And is secured pursuant to UCC filings. Kapitus asserts a secured claim in the amount of $ 3,709.00 as of the date of the petition. The balance of the claim will continue to be paid in the amount of $200.00 weekly. |
| Class 1D - Secured Claim of Stephen W. Gent | ✓ Impaired<br>Unimpaired | Class 1D consists of the claim of Class Secured Claim of Stephen W. Gent, the seller of the McCade's Nursery to Debtor. Mr. Gent's asserts |

|  |  | a secured claim of $50,000.00 against McCade's Nursery, evidenced by a Deed of Trust. The lien is subordinated to that of Midwest Regional Bank. The claim will be paid of a 10-year period (amortized at 4.5% interest) beginning in March, 2021. The monthly payments will be fixed in the amount of $518.19. |
| Class 2 – Priority Claims Excluding those in Article 3 of this Plan | Impaired ✓Unimpaired | Class 2 consists of all Allowed Priority Claims against the Debtor. Except to the extent that the holder of such claim agrees to a different treatment, the Reorganized Debtor shall pay Cash on the Effective Date to each holder of such Allowed Claim in Class 2, the amount of such Allowed Claim. **Debtor does not believe there are any members in this class.** |

**General Unsecured Claims:** _____

| CLASS | DESCRIPTION | IMPAIRED | METHOD OF PAYMENT | ESTIMATED TOTAL CLAIMS | ESTIMATED DISTRIBUTION |
|---|---|---|---|---|---|
| Class 3 | Non-priority 1 Unsecured Claims | Yes | Pro-rata distribution from unsecured creditor pool | Estimated payment of 10% of all unsecured claims | Approximately $150.00 per month; paid quarterly |

| Class 4 – Equity Security Holder of Debtor | Impaired ✓ Unimpaired | Class 4 consists of the holder of Allowed Interests in Debtor. The holder of an allowed Class 4 Interest shall retain their interest in the Reorganized Debtor. |

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

### 5.1 Disputed Claim

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(a)  a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(b)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

### 5.2 Delay of distribution on a disputed claim

No distribution will be made on account of a disputed claim unless such claim is allowed by a Final Order.

### 5.3 Settlement of Disputed Claims

The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 6: EXECUTORY CONTRACTS

### 6.1  Reorganized Debtor assumes the following executory contracts:

**(a)** None

**(b)** Reorganized debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ninety (90) days after the Effective Date.

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

### 7.1 General

The Debtor proposes to implement and consummate this Plan through the means contemplated by§§ 1123 and 1145(a) of the Bankruptcy Code.

### 7.2 Reorganized Debtor and Estate Assets

The management of the Reorganized Debtor will remain unaltered.

On the Effective Date, **if the Plan is confirmed pursuant to § 1191(a)**, title to all

assets, claims, Causes of Action, properties, and business operations of the Debtor and the Estate shall vest and/or revest in the Reorganized Debtor. Thereafter, the Reorganized Debtor shall own and retain such assets free and clear of all liens and Claims, except as expressly provided in this Plan.

**If the Plan is confirmed pursuant to § 1191(b)**, title to all assets claims, causes of action, properties, and business operations of the Debtor and of the Estate shall remain property of the Estate until discharge of the Reorganized Debtor pursuant to § 1192.

### 7.3 Disbursing Agent

If the Plan is conformed under § 1191(a) of the Bankruptcy Code the Reorganized Debtor shall serve as their disbursing agent, without bond, for purposes of making transfers and payments under this Plan. If the Plan is confirmed under § 1191(b) of the Bankruptcy Code the Sub-V Trustee of the Reorganized Debtor shall serve as the disbursement agent.

### 7.4 Settlement of disputed Claims

The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 8: GENERAL PROVISIONS

### 8.1 Definitions

The definitions set forth in § 101 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**Administrative Claim** means any right to payment constituting a cost or expense of administration of the Case of a kind specified under § 503(b) of the Bankruptcy Code and entitled to priority under §§ 507(a)(2), 507(b), or 1114(e)(2) of the Code, including, without limitation: (i) any actual and necessary costs and expenses preserving the Estate of the Debtor; (ii). Any actual and necessary costs and expenses of operating the Debtor's business; (iii) any indebtedness or obligations

9

incurred or assumed by the Debtor in connection with the conduct of its business; (iv) all compensation and reimbursement of the expenses to the extent awarded by the Court under §§ 330, 331 or 503 of the Bankruptcy Code; (v) any fees charged or assessed against the Estate under § 1930 of chapter 123 of title 28 of the United States Code.

8.1.1  **Ad Valorem Tax Authorities** means the following:

- Henderson County
- Malakoff I.S.D.

8.1.2  **Allowed Claim** as to all Classes, shall mean a Claim against the Debtor (a) for which a Proof of Claim has been timely filed with the Court on or before the Bar Date, or, with leave of the Court and without objection by any party-in-interest, late filed and as to which neither the Debtor nor any party-in-interest files an objection or as to which the Claim is allowed by Final Order of the Court, or (b) scheduled in the list of creditors, as may be amended, prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent, or unliquidated as to amount, as to which no objection to the allowance thereof has been interposed through closing of this case, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending.

8.1.2  **Allowed Secured Claim** shall mean an Allowed Claim secured by a lien, security interest, or other encumbrance on the property owned by the Debtor, and to which lien, security interest, or other encumbrance has been properly perfected as required by law, to the extent of the value of the property encumbered thereby. That portion of such Claim exceeding the value of the security held shall be an Unsecured Claim, as defined below and determined pursuant to 11 U.S.C. § 506(a).

8.1.3  **Allowed Unsecured Claim** shall mean an unsecured claim against the Debtor (a) for which a Proof of Claim has been timely filed with the Court, or, with leave of the Court and without objection by any party-in-interest, late filed and as to which the neither the Debtor nor any party-in-interest files an objection, or as the Claim is allowed by Final Order of the Court, or (b)

scheduled in the list of creditors, as may be amended, prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent, or unliquidated as to amount. This category includes all Claims deemed unsecured pursuant to § 506 of the Code.

8.1.4 **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division.

8.1.5 **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under § 2075 of title 28 of the United States Code, and local rules of the Court, as the context requires, and as in effect on the date hereof.

8.1.6 **Bar Date** shall mean the date fixed by the Court as the last date for filing all Claims in this case other than Administrative and Priority Claims or Rejection Claims.

8.1.7 **Case** shall mean this Chapter 11 case which was commenced by the Debtor's filing of a voluntary petition for relief pursuant to the Bankruptcy Code.

8.1.8 **Claim** shall mean any right to payment from the Debtor as of the date of entry of the Order Confirming Plan whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or can be asserted by way of set-off. Claims includes any right or cause of action based on pre-petition monetary or non-monetary default.

8.1.9 **Claimant** shall mean the holder of a Claim.

8.2.10 **Class** shall refer to a category of holders of Claims or interest which are "substantially similar" as provided for in Section 1122 of the Code.

8.2.11 **Confirmation or "Confirmation of this Plan"** shall mean entry by the Court of an Order confirming this Plan at or after a hearing pursuant to Section 1129 of the Code.

8.2.12 **Confirmation Date** shall mean the date on which the Court enters an Order confirming this Plan.

8.2.13 **Creditor** shall mean any person having a Claim against Debtor.

8.2.14 **Debtor** shall mean Rocky Mountain Trails, LLC.

11

8.2.15 **Debt** shall mean any obligation of Debtor, alone, and any obligation of Debtor and other Person, to any Entity.

8.2.16 **Disbursing Agent** shall mean the Reorganized Debtor or in the event of a confirmation under 11 U.S.C. § 1191(b) shall mean the Sub-Chapter V Trustee.

8.1.17 **Discharge Date** means the date the Reorganized Debtor attains a discharge under § 1192 of the Bankruptcy Code.

8.2.18 **Effective Date** shall mean *(15 days after entry of confirmation order)*.

8.2.19 **Entity** shall include Person, estate trust, governmental unit and the United States Trustee.

8.2.20 **Estate** means the bankruptcy estate of the Debtor created by Section 541 0f the Bankruptcy Code upon commencement of the case.

8.2.21 **Equity Interest Holder** shall mean holder of the equity interests in the Debtor.

8.1.22 **Final Confirmation Order** shall mean that date which is fourteen (14) day following the entry of the Order Confirming Plan, during which period of time no Notice of Appeal is filed, or if a Notice of Appeal is filed, during which period of time no Motion for Stay Pending Appeal is granted or supersedeas bond is approved and filed.

8.1.23 **Order Confirming Plan** shall mean the Order of the Court determining that this Plan meets the requirements of Chapter 11 of the Code and is entitled to confirmation under Chapter 11 of the Code.

8.1.24 **Petition Date** shall mean the date on which the Debtor filed this proceeding, June 1, 2020.

8.1.25 **Plan** shall meant his Plan of Reorganization in its present form or as it may be amended, modified, or supplemented.

8.1.26 **Plan Term** means the duration of the plan which in this case is five (5) years from and after the Effective Date.

8.1.27 **Priority Claim** shall mean any Claim entitled to priority pursuant to Section 507(a) of the Code except for Tax claims and Claims incurred by the Debtor post-petition in the ordinary course of business.

8.1.28 **Reorganized Debtor** shall mean the entity which shall assume title to and control of Debtor's assets and liabilities upon confirmation as provided herein.

8.1.29 **Sub-Chapter V Trustee** shall be the person appointed under 11 U.S.C. § 1183.

8.1.30 **Substantial Consummation** shall occur upon Reorganized Debtor's commencement of Payments to creditors as provided in the Plan.

8.1.31 **Tax Claims** shall mean any Claim entitled to priority under Section 507(a)(8) of the Code and shall include the claims of taxing authorities for taxes owed on the property retained by the Debtor under this Plan.

## ARTICLE 9: DISCHARGE

### DISCHARGE IF PLAN IS CONFIRMED UNDER § 1191(a) OF THE CODE

9.1.0 **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the Effective Date, the Debtor will be discharge from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

9.1.1 No discharge if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

### DISCHARGE IF PLAN IS CONFIRMED UNDER § 1191(b) OF THE CODE

9.1.2 **If the Plan is confirmed under section 1191(b)** of the Bankruptcy Code, as soon as practicable after competition by the Debtor of all payments due within the Plan Term, the Court shall grant the Debtor a discharge of all debts provided in §§ 503 and 1141(d)(1)(A) of the Bankruptcy Code to the extent

13

provided for in the Plan, except any debt: (1) on which the last payment is
due after the Plan Term; or (2) of the kind specified in § 523(a) of the
Bankruptcy Code.

## **ARTICLE 10: OTHER PROVISIONS**

**Conditions to Consummation:** The following are conditions precedent to the
occurrence of the Effective Date, each of which must be satisfied or waived
by the Debtor:

10.1.0 The Confirmation Order must have become a Final Confirmation Order.

10.1.2 No request for revocation of the Confirmation Order under § 1144 of the
Bankruptcy Code shall have been made, or, if made shall remain pending,
and,

10.1.3 All actions, documents and agreements necessary to implement the Plan
shall have been effectuated or executed.

10.1.4 **Waiver of Conditions.** Each of the conditions set forth above may be
waived in whole or in part by the Debtor in its sole and absolute discretion,
without any notice to parties in interest or to the Bankruptcy Court, and
without a hearing. The Debtor's waiver of any one condition shall not be
deemed a waiver of any other condition.

**Binding Effect**

10.2 Except as otherwise provided in § 1141(d) of the Bankruptcy Code, on after
the Confirmation Date, the provisions of this Plan shall bind any holder of
a Claim against or Interest in the Debtor and such holder's respective
successors and assigns, whether or not the Claim or Interest of such holder
is impaired under the Plan and whether or not such holder has accepted the
Plan.

**Injunction**

10.3.1 **Permanent Injunction.** Except as otherwise expressly provided in, or
permitted under, this Plan, all Creditors and Interested holders, are
permanently enjoined on and after the Effective Date against the collecting

14

of Claims against the Reorganized Debtor in any manner other than as provided for in the plan.

10.3.2 **The injunction provisions set forth herein do not enjoin the prosecution of any claims that arise on or after the Effective Date nor does it enjoin the determination of the Allowed Amount of any Claims that arose prior to the Effective Date by a court of competent jurisdiction,**

<u>Default</u>

10.4 <u>**Notice of Default:**</u> Except as otherwise provided herein with respect to the treatment of a Class of Creditors, in the event of any alleged default under the Plan. Any creditor or party-in-interest must give a written default notice to the defaulting Reorganized Debtor with copies to counsel of record for the defaulting Reorganized Debtor specifying the nature of the default. Upon receipt of the default notice, the defaulting Reorganized Debtor shall have ten (10) days to cure such default from the time of receipt of the default notice. If such default has not been cured within the applicable time period and such Creditor or party-in-interest shall have the right to exercise any and all available remedies, including the right to undertake foreclosure upon any collateral securing the obligation, if applicable.

<u>Miscellaneous</u>

10.1 <u>**Request for Relief Under Section 1191(b).**</u>  In the event any class of creditors or interests shall fail to accept this plan in accordance with §§ 1129(a) and 1191(a) of the Bankruptcy Code, the Debtor requests that the bankruptcy Court confirm this Plan in accordance with the provisions of § 1191(b) of the Bankruptcy Code.

10.2 <u>**Incorporation of Rule 9019.**</u> To the extent necessary to effectuate and implement the compromises and releases contained in this Plan, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of all of the compromises and releases contained herein.

10.3 <u>**Computation of Time.**</u>  The Computation of any time periods prescribed

15

or allowed by the Plan shall be governed by Bankruptcy Rule 9006.

10.4   **Exhibits.**  All exhibits to the Plan are incorporated into the Plan and shall be deemed to be part of the Plan.

10.5   **Modification.**  The Debtor may alter, amend, or modify this Plan pursuant to § 1127 of the Bankruptcy Code or as otherwise permitted by law prior to Confirmation. Further, the Debtor may also seek to modify the Plan after Confirmation and prior to substantial consummation of the Plan so long as the treatment of the holders of Allowed Claims or Interest are not materially or adverse affected.

10.6   **Assurances and Authorizations.**  The Debtor or the Reorganized Debtor, if and to the extent necessary, shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions, and purposes, and to give full effect to the provisions, of the Plan.

10.7   **No Interest.**  Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the Petition Date.

10.8   **No Attorneys' Fees.** No attorneys' fees will be paid with respect to any Claim, other than Claims of professionals employed by the Debtor, except as specified herein or as allowed by a prior order of the Bankruptcy Court.

10.9   **Notices.**  All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. Any notices required to be delivered to the Debtor shall be addressed as follows:

**To Debtor or Reorganized Debtor:**

Rocky Mountain Trails, LLC
Attention: Karen Strobel
1000 N. Tool Dr.
Tool, Texas 75143

**With a copy to:**

16

Gordon Mosley
4411 Old Bullard Rd., Suite 700
Tyler, Texas 75703

10.10  **Setoff.**  Except as specifically provided in the Plan, no Creditor shall retain any contractual or statutory right to set off any asset in which the Debtor has an interest in satisfaction of that Creditor's pre-petition claim. Any right to set off a claim against an asset of the Debtor which is not specifically retained is waived.

10.11  **No Admissions.**  Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed an admission by the Plan Proponent with respect to any matter set forth herein, including, without limitation, liability on any Claim or Interest or the propriety, any classification of any Claim or Interest, or the valuation of any property.

Date: December 7, 2020

Respectfully Submitted,

**/s/ Karen Strobel**
Karen Strobel, Managing Member
Rocky Mountain Trails, LLC

Presented by:

**/s/ Gordon Mosley**
Gordon Mosley
SBN: 00791311
4411 Old Bullard Rd., Ste. 700
Tyler, Texas 75703
(903) 534-5396; (903) 581-4038 fax
**Attorney for the Debtor**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of December, 2020, a true and correct copy of the Debtor's Amended Chapter 11 Plan of Reorganization was served on the following

17

parties in interest listed below and to all parties listed on the attached mailing matrix via First
Class Mail or Electronic Mail.

**/s/ Gordon Mosley**

**<u>Chapter 11 Trustee</u>**
Mr. H. Thomas Moran
736 Highway 87
PO Box 2966
Gilchrist, Texas 77617

**<u>Debtor</u>**
Rocky Mountain Trails, LLC
1000 N. Tool Dr.
Tool, Texas 75143
Attn.: Karen Strobel

18

# EXHIBIT "A" TO PROPOSED PLAN

**CHAPTER 7 DIVIDEND PAID.**  Debtor makes the following assumption:

| ASSET | GOING CONCERN VALUE | LIENS | NET ASSET VALUE |
|---|---|---|---|
| McDade's Nursery | $ 400,000.00* | $454,699.28** | $ 0.00 |

* Estimate base on comparison of projected discount cash flow and current market value of the real and personal property to approximate liquidation value.

** perfected liens on the real and personal property of the business assets.

Debtor assets that the liquidation value of the business assets is approximately zero.

The Plan provides for an approximate 10% dividend to all unsecured creditors over a period of five (5) years.

Debtor contends the Plan provides for a greater dividend to all creditors than would a liquidation of assets under chapter 7.